Joyce A. SPURLOCK; Lindsey
B. McBroom, Plaintiffs–
Appellants,

v.

POSTMASTER GENERAL,
Defendant–Appellee.

No. 00–5591.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN,
Circuit Judges; COHN, District Judge .*

Joyce A. Spurlock and Lindsey B. McBroom, proceeding through counsel, appeal a district court judgment dismissing their civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The plaintiffs are employees of the United States Postal Service (USPS). In their complaint on September 20, 1997, they asserted that Paul Mitchell, the postmaster in Lewisburg, Tennessee, discriminated against them because of gender and/or pregnancy, retaliated against them for filing administrative charges, and committed various torts under state law. McBroom also asserted that Mitchell violated the FMLA by denying her sick leave. Upon consideration of a motion for partial dismissal, a magistrate judge recommended dismissing the state law claims and punitive damages claims. The district court did so after the plaintiffs failed to file objections to the magistrate judge's report.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Ultimately, the district court granted summary judgment to the defendant, finding that all of the Title VII claims were untimely and that damages were not warranted under the FMLA.

In their timely appeal, the plaintiffs concede that some of their Title VII claims were untimely, but argue that the remainder were timely. McBroom also argues that the district court erred by finding that an award of damages was not appropriate for her FMLA claim. The defendant agrees that certain claims are timely, but contends that the plaintiffs did not exhaust those claims in so far as they now seek compensatory damages. *See West v. Gibson*, 527 U.S. 212, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999).

Upon de novo review, we conclude that certain Title VII claims were timely and must be remanded for further consideration by the district court. Under 29 C.F.R. § 1614.105(a)(1), federal employees who believe they are the subject of discrimination are required to consult an agency Equal Employment Opportunity (EEO) counselor within forty-five calendar days of the alleged discriminatory event. The employee may then file suit in district court within ninety days of the agency's final action or after 180 days from the filing of the initial charge with the agency. *See* 42 U.S.C. § 2000e–16(c).

Spurlock and McBroom each filed several individual EEO complaints. Spurlock's first complaint, No. 4H–370–1155–96, was dismissed by the EEO on July 24, 1996, and Spurlock concedes that she did not file the instant suit within 90 days of the final agency decision. In her second EEO complaint, No. 4H–370–1218–96, Spurlock asserted that Mitchell retaliated against her on five occasions because of her first EEO complaint. The EEO dismissed the first two allegations as untimely on November 20, 1996, and the remaining three on August 15, 1997. In the remaining three allegations, Spurlock asserted that Mitchell retaliated against her by a) refusing to accept medical documentation regarding sick leave; b) forcing her to undergo psychiatric testing; and c) forcing her to surrender her building keys. Spurlock's Title VII claim based on these three allegations is timely because she filed the instant suit on September 20, 1997, within 90 days of the EEO determination. Spurlock concedes that she did not preserve the first two allegations when she filed the instant suit. In her third EEO complaint, No. 4H–370–0030–97, Spurlock asserted that Mitchell had suspended her for seven days in retaliation for her EEO activity. The agency found that her EEO complaint was moot and issued a right-to-sue letter on September 18, 1997. Her Title VII claim based on this complaint also is timely as the instant suit was filed within 90 days.

McBroom's first EEO complaint, No. 4H–370–1176–96, was dismissed on October 2, 1996, and McBroom did not timely file suit. Her second EEO complaint, No. 4H–370–1222–96, was voluntarily withdrawn on January 11, 1997, and was thus abandoned. However, McBroom's third EEO complaint, No. 4H–370–0017–97, filed on October 21, 1996, is timely. In that complaint, she asserted that Mitchell had suspended her for seven days out of retaliation and because she was pregnant. The Agency accepted the allegations for investigation on November 7, 1996, but did not issue a decision within 180 days. McBroom properly waited 180 days before filing suit and the defendant acknowledges the timeliness of this claim.

We further conclude that the district court properly granted summary judgment to the defendant on McBroom's FMLA claim. McBroom initially asserted that Mitchell violated the FMLA by refusing to let her use sick leave following the birth of

her child and by docking her for a week's worth of pay in an unspecified amount. Upon complaining to Human Resources, McBroom received a money order for the shortage within a few days. According to the defendant, McBroom thereafter received her paychecks without incident. On appeal, McBroom argues that the district court erred by finding that her injury was de minimis and that an award of liquidated damages was not appropriate.

The district court properly dismissed McBroom's claim because she was not entitled to damages. McBroom has not identified any actual monetary loss sustained as a result of the brief delay that occurred before the USPS remedied the shortage. Under the FMLA, nominal damages may not be awarded, and liquidated damages are limited to the amount of actual damages plus interest. *See* 29 U.S.C. § 2617(a)(1)(A)(iii); *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001); *see also Williams v. Toyota Motor Mfg. ., Ky., Inc.*, 224 F.3d 840, 844–45 (6th Cir.2000) (summary judgment for defendant appropriate where plaintiff suffered no damages from FMLA violation), *cert. granted on other grounds*, —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 466 (2001). Thus, as McBroom had no actual damages, she is not entitled to any liquidated damages.

Accordingly, the district court's judgment is affirmed in part and vacated in part. The action is remanded so that the district court may consider in the first instance whether the plaintiffs fully exhausted their timely Title VII claims, and if so, whether the claims are meritorious.